UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BROOKE BROCKDORFF, <br><br> *Plaintiff,* <br><br> v. <br><br> WELLS MANAGEMENT GROUP, LLC, <br> Serve: <br> T. Andrew Lingle, Esq. <br> Registered Agent <br> 9211 Forest Hill Avenue - Suite 201 <br> Richmond, Virginia 23235 <br><br> and <br><br> WILLIAM BRADFORD WELLS <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) FILED <br> ) MAR - 6 2015 <br> ) CLERK, U.S. DISTRICT COURT <br> ) RICHMOND, VA <br> ) <br> ) Civil Action No.: 3:15CV137 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Brooke Brockdorff, by counsel, for her Complaint against the Defendants, Wells Management Group, LLC, a Virginia limited liability company, and William Bradford Wells, states as follows:

1. Brooke Brockdorff ("Plaintiff" or "Brockdorff") brings this action to require Wells Management Group, LLC, a Virginia limited liability company ("Wells Management") and William Bradford Wells ("Wells") (collectively, "Defendants") to pay back wages owed to Plaintiff, which Defendants failed to pay in violation of § 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* ("the FLSA"). Plaintiff seeks permanent injunctive and declaratory relief and damages.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because these claims are brought under the FLSA, 29 U.S.C. § 201 *et seq*.

3. Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district and division.

## PARTIES

4. Defendant Wells Management is a Virginia limited liability company and, on information and belief, the Defendant Wells is the sole member of Wells Management. On information and belief, Wells has no permanent residence or mailing address. Wells Management has no principal place of business but has been engaged in the management of the Beacon Theatre, a building owned and operated by the City of Hopewell, Virginia.

5. At all times relevant hereto, Defendants were each an "employer" within the meaning of 29 U.S.C. § 207(a)(1) and were each the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

6. In her employment with Defendants, Plaintiff's principal duties were to clean and vacuum floors and furnishings of the theater, schedule support staff, attend to the needs of performers, prepare the theater for performances and events, and engage in other manual labor, pursuant to a contract between Defendants and the City of Hopewell.

7. At all times relevant hereto, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

8. Plaintiff was paid $60,000 in 2014, in twelve monthly installments, which is the equivalent of $29.88 per hour. Plaintiff's employment with Defendants was undertaken with the understanding that she would not be required to work more than forty hours per week and her compensation was set in contemplation of regular forty hour workweeks.

9. Defendants did not pay an overtime premium to Plaintiff even though Plaintiff frequently worked over 40 hours per week.

10. Plaintiff worked for Defendants from November 2013 until December 30, 2014, when her employment was wrongfully terminated.

11. In the following pay periods, Plaintiff worked in excess of 40 hours per week and was not, in any of these work weeks, compensated for overtime work:

    a. Week of January 5, 2014: 12 hours of uncompensated overtime;

    b. Week of January 12, 2014: 20 hours of uncompensated overtime;

    c. Week of February 9, 2014: 12 hours of uncompensated overtime;

    d. Week of February 16, 2014: 25 hours of uncompensated overtime;

    e. Week of February 23, 2014: 10 hours of uncompensated overtime;

    f. Week of March 23, 2014: 10 hours of uncompensated overtime;

    g. Week of April 6, 2014: 18 hours of uncompensated overtime;

    h. Week of April 20, 2014: 10 hours of uncompensated overtime;

    i. Week of May 25, 2014: 10 hours of uncompensated overtime;

    j. Week of June 8, 2014: 12 hours of uncompensated overtime;

    k. Week of June 15, 2014: 15 hours of uncompensated overtime;

    l. Week of June 22, 2014: 20 hours of uncompensated overtime;

    m. Week of August 10, 2014: 10 hours of uncompensated overtime;

    n. Week of September 21, 2014: 10 hours of uncompensated overtime;

    o. Week of October 5, 2014: 12 hours of uncompensated overtime;

    p. Week of October 12, 2014: 20 hours of uncompensated overtime;

    q. Week of November 2, 2014: 10 hours of uncompensated overtime;

    r. Week of November 16, 2014: 20 hours of uncompensated overtime;

    s. Week of November 30, 2014: 18 hours of uncompensated overtime; and

    t. Week of December 14, 2014: 10 hours of uncompensated overtime.

12.     On information and belief, Plaintiff worked in excess of 40 hours in other weeks for which she received no overtime compensation.

## COUNT I
### Violation of the Fair Labor Standards Act

13.     Plaintiff incorporates by reference the allegations asserted above.

14.     During the statutory period, Plaintiff was employed by Defendants in a non-exempt position as an employee.

15.     The FLSA requires employers to pay employees for all hours worked. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

16.     Defendants have ignored Plaintiff's express demand for payment of overtime compensation, and have failed and refused to pay Plaintiff her hourly wage compensation as required by law and in accordance with §§ 206 and 207 of the FLSA.

17.     Defendants' violation of the FLSA was and is willful.

18. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

19. Defendants have not made good faith efforts to comply with the FLSA with respect to its compensation of Plaintiff.

20. Defendants' actions, policies, and/or practices described above violate the FLSA's requirements by regularly and repeatedly failing to compensate Plaintiff for time spent on work activities as described in this Complaint.

21. Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff for overtime hours worked.

22. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to § 216(b) of the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Brooke Brockdorff, by counsel, requests that this Court:

A. Enter judgment declaring that the acts and practices complained of herein are violations and willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

B. Enter judgment awarding Plaintiff actual and compensatory damages in the amount to be due for unpaid overtime compensation, with pre-judgment interest, against the Defendants, jointly and severally;

C. Enter judgment awarding Plaintiff an equal amount (inclusive of unpaid overtime for all hours worked) in statutorily-allowed liquidated damages for willful violations of the FLSA;

D. Enter judgment awarding Plaintiff reasonable prejudgment interest, attorneys' fees, and costs of this suit;

E. Enjoin Defendants from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of forty (40) per week; and,

F. Grant such other and further relief as this Court deems necessary and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted,

BROOKE BROCKDORFF
By Counsel

Blackwell N. Shelley, Jr. (VSB #28142)
Tim Schulte (VSB # 41881)
Shelley Cupp Schulte, P.C.
2020 Monument Avenue
Richmond, VA 23220
(804) 644-9700
(804) 278-9634 [fax]
Blackwell.shelley@shelleyschulte.com
Tim.schulte@shelleyschulte.com
*Counsel for Plaintiff*