IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BROOKE BROCKDORFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:15-cv-00137 |
| ) | |
| WELLS MANAGEMENT GROUP, ) | |
| LLC ) | |
| ) | |
| and ) | |
| ) | |
| WILLIAM BRADFORD WELLS ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Wells Management Group, LLC and William Bradford Wells, by counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support of their Motion to Dismiss the Complaint of Plaintiff Brooke Brockdorff for failure to state a claim upon which relief can be granted, state as follows:

## INTRODUCTION

Plaintiff Brooke Brockdorff ("Plaintiff") has brought a Complaint against Defendants Wells Management, LLC ("Wells Management") and William Bradford Wells ("Wells") (collectively, "Defendants"), alleging that Defendants violated the Fair Labor Standards Act of 1938 ("FLSA") by failing to provide her with overtime compensation. Compl. ¶ 1. Even

accepting all of Plaintiff's factual allegations as true, however, the Complaint does not state a plausible FLSA claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (plausibility standard).

The Plaintiff's Complaint does not contain sufficient factual matter to suggest that either Plaintiff or Defendants were "engaged in commerce" as required by 29 U.S.C. §207(a)(1). Nor does it contain sufficient factual matter to suggest that the Defendants knew or should have known that she worked more than 40 hours during any week. See Seagram v. David's Towing & Recovery, Inc., No. 3:14-CV-414, 2014 WL 5341399, at *4 (E.D. Va. Oct. 20, 2014); Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986). This Court and the Fourth Circuit Court of Appeals have consistently ruled that a defendant's actual or constructive knowledge that an employee is working more than 40 hours in a week is an element of a prima facie claim for overtime compensation. See Id.

Because Plaintiff's Complaint does not contain sufficient factual matter to state a plausible claim for overtime compensation under the FLSA, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. "It requires the plaintiff to articulate facts that, when

accepted as true, show that the plaintiff has stated a claim entitling him to relief." Silverman v. Town of Blackstone, Va., 843 F. Supp. 2d 628, 631 (E.D. Va. 2012) (citing Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009)).

Determining whether a claim is plausible on its face is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal, 556 U.S. at 679. Although the court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. Silverman, 843 F. Supp at 631. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In considering a 12(b)(6) motion to dismiss, the court should proceed in the two steps outlined in Iqbal. Id. First, the court should identify allegations that, "because they are no more than legal conclusions, are not entitled to the assumption of truth." Id. at 679 (referring to legal conclusions as merely the "framework" of the complaint). Second, the court should review the remaining "well-pleaded factual allegations to determine whether they plausibly give rise to an entitlement to relief." Id. If the well-pleaded facts do not suggest an entitlement to relief, the complaint must be dismissed. Id. at 680.

## ARGUMENT

1. **PLAINTIFF'S COMPLAINT FAILS TO SHOW THAT SHE IS ENTITLED TO OVERTIME COMPENSATION.**

Plaintiff asserts that she was an "employee" within the meaning of the FLSA because she was an "individual employed by an employer." See Compl. ¶ 7 (citing 29 U.S.C. § 203(e)(1)). To state a plausible claim that she is entitled to overtime, however, an employee must plead facts

demonstrating that she was either (1) "engaged in commerce or in the production of goods for commerce," or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

Under the FLSA, "commerce" means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(a).

An "enterprise engaged in commerce or in the production of goods for commerce" is an enterprise that: (a) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" **and** (b) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1) (emphasis added).

Plaintiff's assertion that she is an "employee" is a legal conclusion that is not entitled to the assumption of truth. Iqbal, 556 U.S. at 679. Plaintiff's Complaint fails to present any factual allegations in support of her assertion that she was an "employee" as defined by 29 U.S.C. § 203(e)(1). Moreover, Plaintiff fails to demonstrate that she was either "engaged in commerce" or "employed in an enterprise engaged in commerce," as required by 29 U.S.C. § 207(a)(1). As such, her Complaint does not state a plausible overtime claim. See Iqbal, 556 U.S. at 679-80.

A. **Plaintiff's Complaint Fails to Show that She was Engaged in Commerce.**

A plaintiff may demonstrate that she is an "employee" as defined by 29 U.S.C. § 207(a)(1) by showing that she was individually "engaged in commerce or in the production of goods for commerce." To be "engaged in commerce" as defined by § 207(a)(1), an employee

must perform duties that are "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce." Rains v. E. Coast Towing & Storage, LLC, 820 F. Supp. 2d 743, 747-48 (E.D. Va. 2011). An employee whose work is "decidedly local" cannot establish that she is entitled to overtime compensation under this prong. Id. at 748.

In Rains v. E. Coast Towing & Storage, LLC, this Court ruled that a tow truck driver whose duties consisted primarily of towing vehicles between private lots in Arlington County, Fairfax County, and Alexandria City was not "engaged in commerce" as defined by the FLSA. 820 F. Supp. 2d at 747-48. The court reasoned that the driver "[did] not allege that he handled interstate phone calls or credit card transactions," "did not cross state lines in connection with his employment," and "there was no evidence that [the goods he handled during his employment] directly moved in the channels of interstate commerce." Id at 748. The court held that "[a]lthough Plaintiff may have had an *effect* on a vehicle moving in interstate commerce, it was not one that [was] 'directly and vitally related to the functioning of an instrumentality or facility of interstate commerce.'" Id. (citation omitted). The court concluded that the employee's work was "a decidedly local pursuit," and as such, the plaintiff was "not entitled to coverage under the FLSA as an individual employee." Id.

Plaintiff alleges that Defendants were engaged in the business of managing the Beacon Theatre for the City of Hopewell, Virginia. Compl. ¶ 4. She states that her principal duties "were to clean and vacuum floors and furnishings of the theater, schedule support staff, attend to the needs of performers, prepare the theater for performances and events, and engage in other manual labor...." Compl. ¶ 6. Plaintiff does not claim that any of these tasks involved "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof," as set forth in 29 U.S.C. § 203(a). On the contrary,

Plaintiff's allegations suggest that her work for Defendants was confined to "manual labor," performed in a single building that was "owned and operated" by someone other than Defendants. See Compl. ¶¶ 4, 7. Moreover, Plaintiff's description of her manual labor suggests that she did not perform tasks that were "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce" as required by this Court in Rains. 820 F. Supp. 2d at 747-48. As such, Plaintiff has failed to sufficiently allege that she was an "employee" under the first prong of 29 U.S.C. § 207(a)(1).

### B. Plaintiff's Complaint Fails to Show that Defendants were Engaged in Commerce and Had Gross Receipts of $500,000 or More.

Plaintiff also fails to show that either Defendant is an "enterprise engaged in commerce" as required by the the second prong of 29 U.S.C. § 207(a)(1). According to Plaintiff, Defendants were engaged in the business of managing the Beacon Theatre. Compl. ¶ 4. Plaintiff concludes that "Defendants were each an 'employer' within the meaning of 29 U.S.C. § 207(a)(1)... [and] 29 U.S.C. 203(d)." Compl. ¶ 5. Like Plaintiff's assertion that she was an "employee," her conclusion regarding Defendants is not entitled to any assumption of truth. Iqbal, 556 U.S. at 679. Plaintiff fails to put forth any factual allegations in support of her legal conclusions, which are essentially "naked assertions, devoid of further factual enhancement." Id.

Other than stating that Defendants were "engaged in the management of the Beacon Theatre, a building owned and operated by the City of Hopewell, Virginia," (Compl. ¶ 4), the Plaintiff's Complaint is devoid of any mention of the Defendants' business. The Complaint does not allege that either Defendant "has employees engaged in commerce or in the production of goods for commerce" as provided in 29 U.S.C. § 203(s). Similarly, Plaintiff's Complaint fails to assert any facts suggesting that Wells Management or Wells "has employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person." See 29 U.S.C. § 203(s).

Importantly, Plaintiff does not allege that Wells Management's gross volume of sales or business is or was $500,000 or more – an explicit requirement under the second prong of 29 U.S.C. § 207(a)(1). See 29 U.S.C. § 203(s).

Because Plaintiff's Complaint fails to show either that she was engaged in commerce or that Defendants were engaged in commerce and made gross receipts of $500,000 or more, her Complaint does not state a plausible overtime claim. See Iqbal, 556 U.S. at 679-80. As such, it must be dismissed.

### 2. PLAINTIFF'S COMPLAINT FAILS TO SHOW THAT DEFENDANTS HAD KNOWLEDGE THAT PLAINTIFF WAS WORKING OVERTIME.

To assert a viable claim for overtime compensation under 29 U.S.C. § 207, a plaintiff must show: (1) "that [s]he worked overtime hours without compensation; and (2) that the employer knew or should have known that [s]he worked overtime but failed to compensate [her] for it." Seagram v. David's Towing & Recovery, Inc., No. 3:14-CV-414, 2014 WL 5341399, at *4 (E.D. Va. Oct. 20, 2014); Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986) (holding that employer's knowledge is a proper element of a prima facie claim for overtime compensation under the FLSA).

The Fourth Circuit Court of Appeals has held that overtime claims under § 7 of the FLSA require a plaintiff to show that she was "employed" by the defendant/employer. Davis, 792 F.2d at 1276. "As defined in 29 U.S.C. § 203(g), 'employ' includes to suffer or permit to work." Id. "The words 'suffer' and 'permit' as used in § 203(g) have been consistently interpreted to mean **with the knowledge of the employer**." Id. (emphasis added). Based on this reasoning, the Court

concluded that "in order to prove that he is "employed" for purposes of the Act, it is necessary for a plaintiff to show that his employer had knowledge, either actual or constructive, of his overtime work." Id.

In deciding whether an employer had actual or constructive knowledge of overtime worked by an alleged employee, the courts have considered, inter alia, whether the employer is a "corporate" employer, whether someone in the company other than the employee was responsible for scheduling the employee's work, whether the employer scheduled the employee to work in excess of 40 hours, whether the employee was responsible for recording her own time, whether the employer assigned duties to the employee to perform during non-work hours, and whether the tasks performed by the employee during excess hours were integral and indispensable to the employee's principal activities. See Seagram, 2014 WL 5341399 at *4; Integrity Staffing Solutions, Inc. v. Busk, 135 S. Ct. 513, 518 (2014); Hughes-Smith v. Crown Linen Serv., Inc., 2014 WL 860568, at *3 (E.D. Va. Mar. 5, 2014); Stevens v. Holder, 966 F. Supp. 2d 622, 644-45 (E.D. Va. 2013); Gaylord v. Miami–Dade Cnty., 78 F.Supp.2d 1320, 1325 (S.D. Fla. 1999) ("An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur.").

Notably, the Fourth Circuit has ruled that "[n]othing in [the FLSA] treats the lack of employer knowledge as an affirmative defense to be raised and proved by the employer." Davis v. Food Lion, 792 F.2d 1274, 1277 (4th Cir. 1986). "The Act requires the plaintiff to prove that he was 'employed' by the defendant, and that means proof that the defendant knew or should have known that the plaintiff was working overtime for the employer." Id. The Court in Davis further declared that the knowledge element "is especially significant in a case... in which an

employee deliberately acted in such a way to prevent his employer from acquiring knowledge of his alleged uncompensated overtime hours." Id. at 1278.

Plaintiff's Complaint states that "Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff for overtime hours work." Compl. ¶ 21. This conclusory statement, which is the only allegation in Plaintiff's Complaint relating to Defendants' knowledge, is provided without any factual support. Because this conclusion is a threadbare recital of an element of Plaintiff's claim, it is not entitled to an assumption of truth. Iqbal, 556 U.S. at 679-80. Plaintiff's Complaint is devoid of any factual matter that would suggest that Defendants had knowledge of her alleged overtime. In fact, the substance of Plaintiff's Complaint strongly suggests that Defendants lacked either actual or constructive knowledge that she worked the hours she claims to have worked.

Plaintiff provides an extensive list of the overtime hours she alleges to have worked, and the weeks in which she worked them. Such a precise list would require either careful record-keeping or a remarkable memory. It stands to reason, therefore, that the Plaintiff was capable of and would have included in her pleading any communication she had with Wells during 2014 regarding the hours she was working. The absence of any such facts indicates that Plaintiff did not report her overtime hours to Defendants, and thus they did not have actual knowledge that Plaintiff worked any overtime hours.

The facts in the Complaint suggest that, like the plaintiff in Davis, Plaintiff acted in such a manner as to prevent Defendants from acquiring knowledge that she was working more than 40 hours per week. As such, Plaintiff cannot be said to have been "employed" by Defendants during the overtime hours alleged in her Complaint, and she cannot therefore be entitled to overtime.

Plaintiff's Complaint is equally lacking in any factual matter that would suggest that Defendants had constructive knowledge of her alleged overtime hours. Plaintiff asserts that Wells Management is a Virginia Limited Liability Company of which Wells is the sole member. Compl. ¶ 4. As such, Defendants are clearly not "corporate" employers who may be assumed to have knowledge of hours worked. Plaintiff's Complaint also indicates that Wells is the only member of Wells Management, suggesting that Wells Management did not have the management reporting structure of other entities. Compl. ¶ 4. Plaintiff does not state whether any other person was involved in assigning her schedule, or whether she was free to determine her own schedule. She does not explain the method by which her time was kept and how she was paid each month. Nor does she state whether any person ever required her to work more than 40 hours during any week. Plaintiff alleges that she performed "manual labor" during her employment, but does not state whether the tasks she was performing during her alleged overtime were "integral and indispensable to the employee's principal activities." Through her silence on each of these issues, Plaintiff fails to establish the second element of an overtime compensation claim, as required by Fourth Circuit precedent. See Davis, 792 F.2d at 1276; Seagram, 2014 WL 5341399 at *4; Hughes-Smith, 2014 WL 860568, at *3; Stevens v. Holder, 966 F. Supp. 2d at 644-45.

Notably, in Count I of her Complaint, Plaintiff alleges that "Defendants have ignored Plaintiff's express demand for payment of overtime compensation and have failed and refuse to pay Plaintiff her hourly wage compensation...." Compl. ¶ 16. Based on its location in the complaint and the lack of explanation surrounding it, this statement appears to be a reference to some kind of legal demand to Defendants and not to any communication made to Defendants during Plaintiff's employment.

Setting aside Plaintiff's conclusory allegations under the two-step process described in Iqbal, Plaintiff's Complaint lacks any factual matter that would suggest that Defendants had knowledge of her alleged overtime. Plaintiff's Complaint thus fails to address one of the two elements required for an overtime claim under the FLSA. As such, Plaintiff's Complaint fails to state an FLSA claim upon which relief can be granted, and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss the Plaintiff's Complaint with prejudice

RESPECTFULLY SUBMITTED,

**WELLS MANAGEMENT, LLC and
WILLIAM BRADFORD WELLS**

By Counsel:

Adam M. Harrison (VSB No. 79345)
Lisa K. Lawrence (VSB No. 34597)
Barbara A. Queen (VSB No. 47314)
Cherie A. Parson (VSB No. 82501)
LAWRENCE & ASSOCIATES
701 East Franklin Street, Suite 800
P.O. Box 495
Richmond, Virginia 23219
Tel.: (804) 643-9343
Fax.: (804) 643-9368
E-mail: aharrison@lawrencelawyers.com
*Counsel for Defendants*