UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BROOKE BROCKDORFF, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>WELLS MANAGEMENT GROUP, )<br>LLC, )<br>)<br>and )<br>)<br>WILLIAM BRADFORD WELLS )<br>)<br>*Defendants*. )<br>) | Civil Action No.: 3:15cv00137 |

## FIRST AMENDED COMPLAINT

Plaintiff Brooke Brockdorff, by counsel, for her First Amended Complaint against the Defendants, Wells Management Group, LLC, a Virginia limited liability company, and William Bradford Wells, states as follows:

1. Brooke Brockdorff ("Plaintiff" or "Brockdorff") brings this action to require Wells Management Group, LLC, a Virginia limited liability company ("Wells Management") and William Bradford Wells ("Wells") (collectively, "Defendants") to pay back wages owed to Plaintiff, which Defendants failed to pay in violation of § 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* ("the FLSA"). Plaintiff seeks permanent injunctive and declaratory relief and damages. In addition, Brockdorff brings this action against the Defendants for damages caused by their wrongful termination of Brockdorff in violation of the public policy of Virginia.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because these claims are brought under the FLSA, 29 U.S.C. § 201 *et seq.* This Court may exercise supplemental jurisdiction over Brockdorff's state law claim under 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district and division.

## PARTIES

4. Defendant Wells Management is a Virginia limited liability company and, on information and belief, the Defendant Wells is the sole member of Wells Management. On information and belief, Wells has no permanent residence or mailing address. Wells Management has no principal place of business but has been engaged in the management of the Beacon Theatre, a building owned and operated by the City of Hopewell, Virginia, acting through a limited liability company, and the Appomattox Regional Library System. Both the City of Hopewell and the Appomattox Regional Library System are political subdivisions of the Commonwealth of Virginia. Revenues received by Wells Management from the operation of the Beacon Theatre, for ticket sales, event rentals, concessions, and alcohol sales, are reported to the City of Hopewell and used to defray the cost of operating the theater.

5. Wells Management, throughout Brockdorff's employment there, was engaged in interstate commerce. During 2014, Wells Management procured more than twenty five acts to perform on the Beacon Theatre's stage, including, by way of illustration,

Leon Russell, Delbert McClinton, Vanilla Ice, The Blind Boys of Alabama, The Psychedelic Furs, The Temptations, Clint Black, Robert Earl Keen, Vince Gill and the Time Jumpers, Kansas, Little River Band, Bret Michaels, Molly Hatchet, Marty Stuart, The Village People, and Ricky Skaggs. All of these acts reside or are organized outside of the Commonwealth of Virginia. Additionally, these acts are represented by booking agents located in New York, Texas, New Jersey, Illinois, Tennessee, and Florida. Wells Management entered into contracts with these acts and with their booking agents, and paid money to these acts and their booking agents, during 2014. On information and belief, Wells Management sold in excess of $650,000 in tickets to performances at the Beacon Theatre in 2014.

6. At all times relevant hereto, Defendants were each an "employer" within the meaning of 29 U.S.C. § 207(a)(1) and were each the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

7. In her employment with Defendants, Plaintiff's principal duties were to clean and vacuum floors and furnishings of the theater, schedule support staff, attend to the needs of performers, deliver payment checks to performers, prepare the theater for performances and events, and engage in other manual labor, pursuant to a contract between Defendants and the City of Hopewell, acting through a limited liability company.

8. At all times relevant hereto, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Plaintiff was paid $60,000 in 2014, in twelve monthly installments, which is the equivalent of $29.88 per hour. Plaintiff's employment with Defendants was undertaken with the understanding that she would not be required to work more than forty

hours per week and her compensation was set in contemplation of regular forty hour workweeks.

10.     Defendants did not pay an overtime premium to Plaintiff even though Plaintiff frequently worked over 40 hours per week.

11.     Plaintiff worked for Defendants from November 2013 until December 30, 2014, when her employment was wrongfully terminated.  Wells communicated with Brockdorff by text message and phone during the weeks in which Brockdorff worked and had knowledge of the hours that she worked. In many instances, Wells' text messages to Brockdorff contained highly abusive and inappropriate language and were sent and received long after normal business hours had ended.

12.     In the following pay periods, Plaintiff worked in excess of 40 hours per week and was not, in any of these work weeks, compensated for overtime work:

      a. Week of January 5, 2014: 12 hours of uncompensated overtime;

      b. Week of January 12, 2014: 20 hours of uncompensated overtime;

      c. Week of February 9, 2014: 12 hours of uncompensated overtime;

      d. Week of February 16, 2014: 25 hours of uncompensated overtime;

      e. Week of February 23, 2014: 10 hours of uncompensated overtime;

      f. Week of March 23, 2014: 10 hours of uncompensated overtime;

      g. Week of April 6, 2014: 18 hours of uncompensated overtime;

      h. Week of April 20, 2014: 10 hours of uncompensated overtime;

      i. Week of May 25, 2014: 10 hours of uncompensated overtime;

      j. Week of June 8, 2014: 12 hours of uncompensated overtime;

      k. Week of June 15, 2014: 15 hours of uncompensated overtime;

    l. Week of June 22, 2014: 20 hours of uncompensated overtime;

    m. Week of August 10, 2014: 10 hours of uncompensated overtime;

    n. Week of September 21, 2014: 10 hours of uncompensated overtime;

    o. Week of October 5, 2014: 12 hours of uncompensated overtime;

    p. Week of October 12, 2014: 20 hours of uncompensated overtime;

    q. Week of November 2, 2014: 10 hours of uncompensated overtime;

    r. Week of November 16, 2014: 20 hours of uncompensated overtime;

    s. Week of November 30, 2014: 18 hours of uncompensated overtime; and

    t. Week of December 14, 2014: 10 hours of uncompensated overtime.

13. On information and belief, Plaintiff worked in excess of 40 hours in other weeks for which she received no overtime compensation.

14. On December 27, 2014, Delbert McClinton performed at the Beacon Theatre. The performance was advertised and promoted through the City of Hopewell's website (http://www.hopewellva.gov/ai1ec_event/delbert-mcclinton-performing-beacon-theatre/, last visited April 13, 2015). On the evening of the performance, Brockdorff was at the Beacon Theatre and making the facility ready when she discovered that Wells had substituted one of his drinking buddies and cronies for a regularly employed bartender in the theater.

15. Brockdorff discovered that the non-employee that Wells had placed at the bar had been taking cash from customers and providing drinks without ringing the transactions in the cash register. Brockdorff and Jennifer Snotherly, another employee, shut down the bar and directed the non-employee to leave the building. Wells, who appeared intoxicated, became angry with Brockdorff. Brockdorff explained to Wells that only

5

regular employees could use the point of sale system and that the point of sale system was necessary for the financial reports that Wells Management made to Doreen Creel, an accountant hired by the City of Hopewell for the Beacon Theatre.

16. In regard to Brockdorff's statement that the non-employees could not use the point of sale system, Wells stated to Brockdorff, "I don't care if you put them under Scooby Fucking Doo, get them in the computer." When Brockdorff told Wells that the point of sale system was necessary for proper reports to the City and its accountant, Wells said, "I don't fucking care, Doreen and the City can answer to me."

17. On December 28 and 29, 2014, Brockdorff tried unsuccessfully on several occasions to meet with Wells regarding his outburst at the theater and the need for proper accounting of revenues.

18. On December 30, 2014, Wells sent two messages to Brockdorff, at 7:20 and 7:56 p.m., respectively. The first message said, "You are fired. You don't make these decisions. Take Jen with you. Nate will come in and do what I should have from the beginning. Sorry I gave you the chance." (Jen, referred to in this message, is Jennifer Snotherly, who participated in removing Wells' crony from behind the bar.) The second message said, "You will no longer be employed by me. Please gather your things and leave. All my lawyers recommend this in your defiance."

19. On information and belief, following Brockdorff's termination, the City of Hopewell terminated its contract with Defendant Wells Management Group for cause.

## COUNT I
### Violation of the Fair Labor Standards Act

20. Plaintiff incorporates by reference the allegations asserted above.

6

21. During the statutory period, Plaintiff was employed by Defendants in a non-exempt position as an employee.

22. The FLSA requires employers to pay employees for all hours worked. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

23. Defendants have ignored Plaintiff's express demand for payment of overtime compensation, and have failed and refused to pay Plaintiff her hourly wage compensation as required by law and in accordance with §§ 206 and 207 of the FLSA.

24. Defendants' violation of the FLSA was and is willful.

25. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

26. Defendants have not made good faith efforts to comply with the FLSA with respect to their compensation of Plaintiff.

27. Defendants' actions, policies, and/or practices described above violate the FLSA's requirements by regularly and repeatedly failing to compensate Plaintiff for time spent on work activities as described in this Complaint.

28. Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff for overtime hours worked.

29. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to § 216(b) of the FLSA.

## COUNT II

### Discrimination and Retaliation in Violation of Va. Code § 8.01-216.8

30. Plaintiff incorporates by reference the allegations asserted above.

31. Wells' efforts to circumvent the financial reporting systems in place at the Beacon Theatre, and his actual circumvention with his crony of the financial reporting systems in place at the Beacon Theatre, was a violation of Va. Code § 8.01-216.3 (A).

32. Defendants have discriminated against Brockdorff in the terms and conditions of employment, including the termination of Brockdorff's employment because Brockdorff opposed Wells' conduct and practices in attempting to circumvent the financial reporting systems of the Beacon Theatre.

33. The Defendants' discriminatory and retaliatory conduct directed towards Brockdorff in the termination of her employment violates Va. Code § 8.01-216.8.

34. As a direct and proximate result of Wells' conduct complained of herein, Brockdorff has suffered and will continue to suffer damage and will continue to be subjected to on-going discriminatory treatment unless she is accorded the relief provided by Va. Code § 8.01-216.8.

35. Brockdorff is entitled to all relief necessary to make her whole, including back pay. Additionally, Brockdorff is entitled to recover from the Defendants two times the amount of back pay and other monetary damages she has sustained, including raises to which she would or will be entitled together with two times the prejudgment interest thereon from and after the date or dates on which the amounts making up such sum became due and payable at the rate of 6% per annum.

36.     In addition, Brockdorff is entitled to recover special damages, including her reasonable attorney's fees and litigation costs in connection with this action pursuant to Va. Code § 8.01-216.8.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Brooke Brockdorff, by counsel, requests that this Court:

A. Enter judgment declaring that the acts and practices complained of herein are violations and willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

B. Enter judgment awarding Plaintiff actual and compensatory damages in the amount to be due for unpaid overtime compensation, with pre-judgment interest, against the Defendants, jointly and severally;

C. Enter judgment awarding Plaintiff an equal amount (inclusive of unpaid overtime for all hours worked) in statutorily-allowed liquidated damages for willful violations of the FLSA;

D. Enter judgment awarding Plaintiff reasonable prejudgment interest, attorneys' fees, and costs of this suit;

E. Enjoin Defendants from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of forty (40) per week;

F. Enter judgment against both Defendants, jointly and severally, pursuant to Va. Code § 8.01-216.8, in an amount to be proved at trial equal to Plaintiff's back pay, plus two times the amount of back pay, interest on the back pay, and compensation

9

for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorney fees; and,

G. Grant such other and further relief as this Court deems necessary and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

                                          Respectfully submitted,

                                          BROOKE BROCKDORFF
                                          By Counsel

                                          __/s/ Blackwell N. Shelley, Jr._____
                                          Blackwell N. Shelley, Jr. (VSB #28142)
                                          Tim Schulte (VSB # 41881)
                                          Shelley Cupp Schulte, P.C.
                                          2020 Monument Avenue
                                          Richmond, VA 23220
                                          (804) 644-9700
                                          (804) 278-9634 [fax]
                                          shelley@scs-work.com
                                          schulte@scs-work.com
                                          *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2015, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

        Adam M. Harrison (VSB No. 79345)
        Lisa K. Lawrence (VSB No. 34597)
        Barbara A. Queen (VSB No. 47314)
        Cherie A. Parson (VSB No. 82501)
        LAWRENCE & ASSOCIATES
        701 East Franklin Street, Suite 800
        P.O. Box 495
        Richmond, Virginia 23219
        E-mail: aharrison@lawrencelawyers.com
        *Counsel for defendants.*

                                          __/s/ Blackwell N. Shelley, Jr._____
                                          Blackwell N. Shelley, Jr. (VSB #28142)

>Tim Schulte (VSB # 41881)
>Shelley Cupp Schulte, P.C.
>2020 Monument Avenue
>Richmond, VA 23220
>(804) 644-9700
>(804) 278-9634 [fax]
>shelley@scs-work.com
>schulte@scs-work.com
>*Counsel for Plaintiff*