IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BROOKE BROCKDORFF,      )
                                )
          Plaintiff,     )
                                )
v.                            )     Civil Action No. 3:15CV137–HEH
                                )
WELLS MANAGEMENT      )
GROUP, LLC, *et al.*,      )
                                )
         Defendants.    )

## MEMORANDUM OPINION
### (Denying Defendants' Motion to Dismiss)

Plaintiff Brooke Brockdorff ("Plaintiff" or "Brockdorff") brings this action alleging that her former employer failed to pay her overtime wages in violation of the Fair Labor Standards Act (the "FLSA"), and unlawfully discriminated and retaliated against her in violation of the Virginia Fraud Against Taxpayers Act (the "VFATA"). The matter is before the Court on a Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed jointly by Defendants Wells Management Group, LLC and William Bradford Wells (collectively, "Defendants"). For the reasons stated herein, Defendants' Motion to Dismiss will be denied.

## I.   BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts, and reasonable inferences therefrom, in the light most favorable to her. *T.G. Slater & Son v. Donald P.*

*& Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). With this standard in mind, the facts are as follows:

Brockdorff was employed by Defendant Wells Management Group, LLC ("Wells Management" or "the LLC"), a Virginia limited liability company, from November 2013 until December 30, 2014. (Am. Compl. ¶¶ 4, 6, 8, 11.) Defendant William Bradford Wells ("Wells") is the sole member of the LLC, which was contracted to manage the Beacon Theatre, a concert and event venue owned by the City of Hopewell and the Appomattox Regional Library System. (*Id.* at ¶¶ 4–5.) Brockdorff performed a variety of job duties while employed by Wells Management, including vacuuming and cleaning the theatre's floors and furnishings, scheduling support staff, attending to needs of performers, delivering payments to performers, and preparing the theatre for performances and events, in addition to other manual labor. (*Id.* at ¶ 7.) Brockdorff alleges that her employment by Defendants was undertaken with the expectation of a forty-hour workweek, and identifies twenty weeks in 2014, during which she alleges she worked between ten and twenty-five hours of uncompensated overtime.[1] (*Id.* at ¶¶ 9–10,

---

[1] Specifically, Plaintiff alleges that she worked in excess of forty hours per week for which she did not receive overtime compensation during the following pay periods:

1.  Week of January 5, 2014: 12 hours of uncompensated overtime;
2.  Week of January 12, 2014: 20 hours of uncompensated overtime;
3.  Week of February 9, 2014: 12 hours of uncompensated overtime;
4.  Week of February 16, 2014: 25 hours of uncompensated overtime;
5.  Week of February 23, 2014: 10 hours of uncompensated overtime;
6.  Week of March 23, 2014: 10 hours of uncompensated overtime;
7.  Week of April 6, 2014: 18 hours of uncompensated overtime;
8.  Week of April 20, 2014: 10 hours of uncompensated overtime;
9.  Week of May 25, 2014: 10 hours of uncompensated overtime;

12.) She also alleges that there were other weeks during which she worked more than forty hours without receiving overtime compensation. (*Id.* at ¶ 13.) Brockdorff indicates that she communicated with Wells by phone and text message during the weeks she worked and that Wells had knowledge of the hours she worked, as many of Wells's text messages to Brockdorff were sent and received "long after normal business hours had ended." (*Id.* at ¶ 11.) Based on these facts, Count One of Brockdorff's First Amended Complaint alleges that Defendants violated the FLSA, by failing to compensate her for hours worked in excess of forty hours per week.

In Count Two, Brockdorff alleges that Wells discriminated and retaliated against her in violation of the VFATA's anti-retaliation provision, Va. Code § 8.01-216.8. Specifically, Brockdorff alleges that while preparing the theatre for an evening performance on December 27, 2014, she discovered that Wells had substituted one of his "drinking buddies and cronies" for one of the theatre's regularly employed bartenders. (Am. Compl. ¶ 14.) That evening Brockdorff discovered that Wells's friend, who was not a Wells Management employee, had been taking cash from customers and providing drinks without ringing the transactions into the cash register. (*Id.* at ¶ 15.) Consequently,

---

10. Week of June 8, 2014: 12 hours of uncompensated overtime;
11. Week of June 15, 2014: 15 hours of uncompensated overtime;
12. Week of June 22, 2014: 20 hours of uncompensated overtime;
13. Week of August 10, 2014: 10 hours of uncompensated overtime;
14. Week of September 21, 2014: 10 hours of uncompensated overtime;
15. Week of October 5, 2014: 12 hours of uncompensated overtime;
16. Week of October 12, 2014: 20 hours of uncompensated overtime;
17. Week of November 2, 2014: 10 hours of uncompensated overtime;
18. Week of November 16, 2014: 20 hours of uncompensated overtime;
19. Week of November 30, 2014: 18 hours of uncompensated overtime; and
20. Week of December 14, 2014: 10 hours of uncompensated overtime.

(Am. Compl. ¶ 12.)

3

Brockdorff and another employee, Jennifer Snotherly, shut down the bar and directed the non-employee to leave the building. (*Id.*)

In response, Wells became angry with Brockdorff. (*Id.*) Brockdorff explained to Wells that only regular employees were permitted to use the "point of sale system" (*i.e.*, the cash register), which was necessary for Wells Management to provide accurate financial reports to the accountant for the Beacon Theatre, who was hired by the City of Hopewell. (*Id.*) Wells then retorted that he did not care if Brockdorff put "them" in the computer under a fictitious name. (*Id.* at ¶ 16.) Directing Brockdorff to put "them" in the computer, Wells indicated that he did not care about proper reporting through the "point of sale system" and stated that "[the accountant] and the City [could] answer to [him]." (*Id.*)

For the next two days, December 28–29, 2014, Brockdorff tried on several occasions, with no avail, to meet with Wells regarding the incident at the theatre on December 27th, and to discuss the need for proper accounting of revenues. (*Id.* at ¶ 17.) On December 30, 2014, Brockdorff received two text messages from Wells. The first message read, "You are fired. You don't make these decisions. Take Jen with you. . . ."[2] (*Id.* at ¶ 18.) The second text message from Wells to Brockdorff, sent approximately thirty minutes later, read, "You will no longer be employed by me. Please gather your things and leave. All my lawyers recommend this in your defiance." (*Id.*) Brockdorff contends that because she opposed Wells's efforts to circumvent the financial reporting

---

[2] Construing the facts in Plaintiff's favor, "these decisions" presumably refers to Brockdorff's decision to eject the non-employee bartender, and "Jen" refers to Jennifer Snotherly, the other Wells Management employee who assisted Brockdorff in closing down the bar on December 27th. (Am. Compl. ¶ 18.)

systems of the Beacon Theatre, Wells terminated her employment in violation of the
VFATA. (*Id.* at 31–33.)

Brockdorff filed suit on March 6, 2015 (ECF No. 1), and filed her First Amended
Complaint on April 13, 2015 (ECF No. 8). Defendants filed a Motion to Dismiss under
Fed. R. Civ. P. 12(b)(6) with a Memorandum in Support thereof on April 27, 2015 (ECF
Nos. 12–13.) Plaintiff filed a Memorandum in Opposition to the motion (ECF No. 16),
and Defendants replied (ECF No. 17). The Court will dispense with oral argument,
pursuant to E.D. Va. Loc. Civ. R. 7(J), finding that the matters have been adequately
briefed, and oral argument would not aid in the decisional process. The motion is,
therefore, ripe for disposition.

## II.   STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;
importantly, it does not resolve contests surrounding the facts, the merits of a claim, or
the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952
(4th Cir. 1992) (citation omitted). Rule 8(a)(2) of the Federal Rules of Civil Procedure
"requires only 'a short and plain statement of the claim showing that the pleader is
entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and
the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "While a
complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual
allegations," a plaintiff must assert "more than labels and conclusions" or a "formulaic
recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations

omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  DISCUSSION

### A.  Count One: Uncompensated Overtime under the FLSA, 29 U.S.C. § 207

Viewing Plaintiff's factual allegations as true and with all reasonable inferences in her favor, the Court finds that Brockdorff has adequately set forth a claim for relief under the overtime provision of the FLSA, 29 U.S.C. § 207(a)(1). Section 207 prohibits employers from employing[3] "any of its employees covered by the [FLSA] for a work week that is longer than forty hours unless the employee receives compensation for [her] overtime work at a rate at least one and one-half times his regular rate." *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986) (citing 29 U.S.C. § 207(a)(1)).

District courts within the Fourth Circuit have adopted a lenient approach with respect to the degree of specificity necessary to adequately plead a FLSA claim for overtime compensation at the motion to dismiss stage. *Seagram v. David's Towing & Recovery, Inc.*, --- F.Supp.3d ---, 2014 U.S. Dist. LEXIS 148721, at *5, 2014 WL 5341399 (E.D. Va. Oct. 20, 2014); *see also Rodriguez v. F & B Solutions, LLC*, 20 F.Supp.3d 545, 547 (E.D. Va. 2014). "Those seeking compensation under the [FLSA]

---

[3] "As defined in 29 U.S.C. § 203(g), 'Employ' includes to suffer or permit to work." *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986) (quoting 29 U.S.C. § 203(g)) (quotation marks omitted).

bear the initial burden of proving that an employer-employee relationship exists[,]" as

statutorily defined. *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir.

1999); *see also* 29 U.S.C. §§ 203(d)–(e)(1). Then, to assert a claim pursuant to 29 U.S.C.

§ 207(a)(1), "a plaintiff must plead (1) that [s]he worked overtime hours without

compensation; and (2) that the employer knew or should have known that [s]he worked

overtime, but failed to compensate [her] for it." *Seagram*, 2014 U.S. Dist. LEXIS

148721, at *9–10 (quoting *Butler v. DirectSat USA, LLC*, 800 F.Supp.2d 662, 667 (D.

Md. 2011); *see also Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992). The

Court finds, and Defendants do not appear to dispute, that Brockdorff's First Amended

Complaint adequately alleges that she was employed by Wells Management, and worked

overtime hours for which she was not compensated, satisfying the initial threshold and

the first element of this cause of action.

　　As to the second element, Defendants correctly assert that Brockdorff will have

the burden to prove her employer's actual or constructive knowledge of her overtime

work as an element of her case. *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir.

1988); *Davis*, 792 F.2d at 1276. At this early stage, however, Brockdorff's assertion that

Wells was aware from their communications of the hours she worked sufficiently alleges

the knowledge element of her claim. *See Pforr*, 851 F.2d at 109–10 (holding at summary

judgment stage, proof of employer's actual or constructive knowledge "may be

developed as a 'just and reasonable inference' from the evidence"). Furthermore, from

Brockdorff's allegation that Wells was the sole member of Wells Management, and the

absence of any reference to another individual in a position supervisory of Brockdorff,

this Court may reasonably infer that Wells knew or should have known of the overtime

hours Brockdorff worked. *See Seagram*, 2014 U.S. Dist. LEXIS 148721, at *12.

Defendants' Motion to Dismiss will be denied with respect to Brockdorff's overtime

compensation claim.[4]

**B.    Count Two: Discrimination and Retaliation under the VFATA,
       Va. Code § 8.01-216.8**

In Count Two of her First Amended Complaint, Brockdorff brings an unlawful

retaliation claim under the Virginia Fraud Against Taxpayers Act ("VFATA"). The

VFATA, as the parties correctly indicate, is modeled after the federal False Claims Act

("FCA"), 31 U.S.C. §§ 3729–3733, and seeks to eliminate fraud regarding money or

property belonging to the Commonwealth of Virginia by imposing liability upon any

person who, as applicable here,

> 3.   Conspires to commit a violation of subdivision 1, 2, 4, 5, 6, or 7;
>
> 4.   Has possession, custody, or control of property or money used,
> or to be used, by the Commonwealth and knowingly delivers, or
> causes to be delivered, less than all such money or property;
>
> . . .
>
> 7.   Knowingly makes, uses, or causes to be made or used, a false
> record or statement material to an obligation to pay or transmit
> money or property to the Commonwealth or knowingly conceals or

---

[4] Plaintiff's First Amended Complaint references both Section 206, establishing the federal minimum wage, and Section 207, providing for maximum hours and overtime compensation, of the FLSA, but makes no allegations that Defendants' failed to compensate her at or above the established minimum wage. (Am. Compl. ¶¶ 23, 25.) In fact, Plaintiff indicates that her annual compensation equates to $29.88 per hour, (*id.* at ¶ 9), which is well-above the 2014 minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). To the extent that Plaintiff seeks relief under Section 206 of the FLSA, such claim will be dismissed, as the Amended Complaint does not assert facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

> knowingly and improperly avoids or decreases an obligation to pay
> or transmit money or property to the Commonwealth[.]

Va. Code § 8.01-216.3.

> The VFATA also includes an anti-retaliation provision, which provides as follows:

>> Any employee, contractor, or agent shall be entitled to all relief
>> necessary to make that employee, contractor, or agent whole, if that
>> employee, contractor, or agent is discharged, demoted, suspended,
>> threatened, harassed, or in any other manner discriminated against
>> in the terms and conditions of employment because of lawful acts
>> done by the employee, contractor, agent, or associated others in
>> furtherance of an action under this article or other efforts to stop
>> one or more violations of this article.

Va. Code § 8.01-216.8.

Defendants first argue that Brockdorff's VFATA claim must be dismissed because her First Amended Complaint does not satisfy the heightened pleading requirement for fraud actions under Fed. R. Civ. P. 9(b) ("Rule 9(b)"). While true that a cause of action for false or fraudulent claims under the FCA, 31 U.S.C. § 3729(a), or the VFATA, Va. Code § 8.01-216.3(A), must satisfy the heightened pleading requirements of Rule 9(b), this case presents itself in a manner somewhat unique from most cases brought under the VFATA or the federal FCA. Generally, a plaintiff brings an unlawful retaliation claim in conjunction with a cause of action for a false or fraudulent claim, whereas here, Brockdorff alleges only a claim for unlawful retaliation. Given the absence of a pure false claim allegation under Va. Code § 8.01-216.3(A), Brockdorff's First Amended Complaint, must pass only the relatively low notice-pleading standard of Fed. R. Civ. P 8(a). *See Young v. CHS Middle E., LLC*, No. 13-2342, --- F. App'x ---, 2015 U.S. App. LEXIS 8732, at *5, 2015 WL 3396790 (4th Cir. May 27, 2015); *United States ex rel.*

9

*Elms v. Accenture LLP*, 341 F. App'x 869, 873 (4th Cir. 2009); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008); *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1259–60 (D.C. Cir. 2004).

To survive a motion to dismiss, a plaintiff bringing a retaliation claim must plausibly allege that (1) she engaged in a protected activity; (2) the employer knew about these acts; and (3) the employer discharged them as a result of these acts. *Young*, 2015 U.S. App. LEXIS 8732, at *5 (citing *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 866 (4th Cir. 1999)). Activity protected by the anti-retaliation provision of the VFATA includes engaging in lawful acts in furtherance of a lawsuit under the VFATA, or "other efforts to stop one or more violations of [the VFATA]." Va. Code § 8.01-216.8. Brockdorff's First Amended Complaint clearly contemplates the latter.[5]

Brockdorff's alleged effort to stop a violation of the VFATA occurred on the evening December 27, 2014, when she closed the bar at the Beacon Theatre and told the non-employee bartender to leave, upon discovering that he was "taking cash from customers and providing drinks without ringing the transactions in the cash register." (Am. Compl. ¶ 14.) From this allegation, the Court reasonably infers that the monies received from customers in exchange for beverages—proceeds belonging to the

---

[5] Defendants argue that Brockdorff's unlawful retaliation claim should be dismissed because she did not plead that she took any act in furtherance of a lawsuit under the VFATA. Many of the cases relied upon by Defendants in making this argument are FCA cases which predate Congress's broadening of the anti-retaliation provision, 31 U.S.C. § 3730(h)(1), to capture not only acts done in furtherance of a lawsuit, but also "other efforts to stop 1 or more violations of the FCA." *See Young*, 2015 U.S. App. LEXIS 8732, at *8 (quoting 31 U.S.C. § 3730(h)(1)); *see also United States v. Triple Canopy, Inc.*, 775 F.3d 628 (4th Cir. 2013). Prior to that broadening, different standards applied to unlawful retaliation claims under the FCA and VFATA, as the FCA required the employee to take acts in furtherance of a lawsuit, while the Virginia statute encompassed, as both statutes now do, other efforts to prevent violations of the VFATA. *United States ex rel. Martinez v. Va. Urology Ctr., P.C.*, 2010 U.S. Dist. LEXIS 77078, at *17, 2010 WL 3023521 (E.D. Va. July 29, 2010).

Commonwealth of Virginia—were not appropriately received and accounted for in the "point of sale system," such that the Commonwealth likely received less than all of the proceeds due to it from the December 27, 2014 event. *See* Va. Code § 8.01-216.3(A)(4). Omission of such proceeds from the financial reports would clearly contravene Va. Code § 8.01-216.3(A)(7). And further, it appears that even if the non-employee's beverage sales were entered into the "point of sale system" at Wells's instruction to do so under a fictitious name, such would constitute a false record relating "to an obligation to pay or transmit money or property to the Commonwealth[,]" also in contravention of Va. Code § 8.01-216.3(A)(7). Brockdorff's alleged conduct on the evening of December 27, 2014 arguably constitutes "efforts to stop one or more violations of [the VFATA,]" satisfying the requirement that she plead that she engaged in protected activity. Va. Code § 8.01-216.8.

The allegations also indicate that Brockdorff's employer knew about these acts. Wells was present when Brockdorff closed the bar and ejected the non-employee. He became angry at Brockdorff in response, even though she explained her reason for doing so—to properly utilize the "point of sale system" necessary for accurate financial reporting by Wells Management to, ultimately, the Commonwealth of Virginia. Wells's reference to the decision Brockdorff made in the text message terminating her employment, coupled with the timing of her termination—three days after the incident— is sufficient at this stage to demonstrate that Brockdorff was discharged as a result of her conduct. Plaintiff has adequately pled the causation element of her unlawful retaliation claim.

11

While Brockdorff may not have included the requisite specificity to state a cause of action under Va. Code § 8.01-216.3(A), she seeks recovery only with respect to the VFATA's anti-retaliation provisions and has sufficiently stated a plausible claim for relief under Va. Code § 8.01-216.8. Accordingly, Defendants' Motion to Dismiss will be denied as to Count Two of Plaintiff's First Amended Complaint.

## IV.  CONCLUSION

In sum, the Court finds that Brockdorff has pled sufficient facts to allow her causes of action for unpaid overtime wages under the FLSA, 29 U.S.C. § 207, and unlawful retaliation under the VFATA, Va. Code § 8.01-216.8, to survive Rule 12(b)(6) scrutiny. Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 12) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/ _____
Henry E. Hudson
United States District Judge

Date: June 15, 2015
Richmond, Virginia

12